UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES D. "BUDDY" CALDWELL,
ATTORNEY GENERAL, EX REL.,       CIVIL ACTION
STATE OF LOUISIANA
                                 NUMBER 15-177-JJB-SCR
VERSUS

MOLINA HEALTHCARE, INC., ET AL

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 25, 2015.

                              _____
                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES D. "BUDDY" CALDWELL,
ATTORNEY GENERAL, EX REL.,    CIVIL ACTION
STATE OF LOUISIANA
                                                    NUMBER 15-177-JJB-SCR
VERSUS

MOLINA HEALTHCARE, INC., ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is Plaintiff State of Louisiana's Expedited Motion to Remand and for Costs and Fees filed by plaintiff James D. "Buddy" Caldwell, Attorney General of the State of Louisiana.[1] Record document number 3. Defendant Unisys Corporation filed an opposition.[2]

Careful review of the plaintiff's allegations in the Petition for Damages, the evidence offered by the defendant, and the applicable law supports the conclusion that the defendant failed to satisfy its burden of establishing federal question jurisdiction. Plaintiff State of Louisiana's Expedited Motion to Remand and for Costs and Fees should be granted.

**Background**

Defendants Unisys Corporation, Molina Healthcare, Inc. and

---

[1] The motion was denied insofar as the plaintiff sought an expedited hearing. Record document number 9.

[2] Record document number 7. Plaintiff also filed a reply memorandum. Record document number 14.

Molina Information Systems, L.L.C. initially removed this case on August 1, 2014, asserting federal question jurisdiction under 28 U.S.C. § 1331.[3] A summary of the plaintiff's claims alleged in the Petition for Damages (hereafter, "Petition") was included in the Magistrate Judge's Report on the Plaintiff State of Louisiana's Motion to Remand and for Costs and Fees filed in that case.[4] This court held the federal question jurisdiction was not present because the defendants failed to demonstrate the existence of an actually disputed and substantial federal question in the plaintiff's state law claims.[5] Plaintiff's motion to remand was granted on December 10, 2014.[6]

The case proceeded in state court for only a few months before it was removed again on March 23, 2015 by defendant Unisys Corporation. Defendant alleged in the Notice of Removal that new evidence showed there is subject matter jurisdiction based on federal question jurisdiction under § 1331. Defendant argued that the existence of disputed issues arising under federal law is shown by the plaintiff's responses to requests for admissions and the plaintiff's oral arguments opposing the exceptions filed in the

---

[3] *The State of Louisiana, ex rel James D. Caldwell, Attorney General v. Molina Healthcare, Inc., et al*, CV 14-481-JJB-SCR (M.D.La. 2014).

[4] *Id.*, record document number 21

[5] *Id.*, record document number 23.

[6] *Id.*, record document number 24.

state court.[7]  According to the defendant, the plaintiff asserted that applicable federal authority regulating Medicaid, and the Fifth Circuit's decision in *Louisiana v. U.S. Dep't of Health & Human Servs.*,[8] required a discount to be applied to average wholesale price ("AWP") when reimbursing costs for all drugs, including multiple-source drugs, through the Medicaid program. Defendant disputed the applicability of the discounted AWP to multiple-source drugs.  Defendants argued that the Fifth Circuit's decision in *Louisiana v. U.S. Dep't of Health & Human Servs.* required Louisiana to apply a discount to AWP only when reimbursing Medicaid pharmacy claims for "other" drugs, not multiple-source drugs.  Defendants argued that this disputed issue is a determining factor for the plaintiff's claims and thus supports jurisdiction under § 1331.

Plaintiff moved to remand arguing that the defendant cannot establish federal question jurisdiction.  Plaintiff asserted that the defendant is arguing the same basis for federal question jurisdiction that was raised in the first removal.  Plaintiff argued that the court already decided this issue and the defendant should be prohibited from reasserting those arguments.  Plaintiff also argued that removal under § 1446(b)(3) is improper because the

---

[7] Record document number 1-5, Exhibit E, and record document number 1-6, Exhibit F.

[8] 905 F.2d 877, 879-82 (5th Cir. 1990)

3

defendants were aware of the disputed issues raised in the current removal notice prior to their receipt of the discovery responses and the state court hearing.

With respect to the merits of the removal, the plaintiff argued that federal question jurisdiction does not exist because their claims are still substantially based on the defendants failure to process reimbursements pursuant to the applicable methodology set forth in the State Plan. Plaintiff argued that their claims are not based on an interpretation of the federal law, but rather are based on requirements under the State Plan were in effect at the time of reimbursement. Plaintiff noted that the defendants' improper programming of the undiscounted AWP is only one of the many errors in violation of the State's approved formula that are the subject of its allegations. Finally, the plaintiff again asserted that the disruption of the balance between federal and state responsibilities that would be caused by removal cannot be justified because the federal issues involved are not important to the federal Medicaid system as a whole.

Plaintiff also sought an award of cost and attorney's fees.

## Applicable Law

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company,* 128 F.3d 919, 921-22 (5th Cir. 1997). To support removal the defendant must locate the basis of federal

4

jurisdiction in the allegations necessary to support the plaintiff's claims, ignoring the defendant's own pleadings and notice of removal. *Gully v. First National Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

Absent jurisdiction under the diversity statute, removal is appropriate only for those claims within the district court's federal question jurisdiction. 28 U.S.C. § 1331. It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the Constitution which defines the limits of the judicial power of the United States. Ordinarily, determining whether a case arises under federal law is governed by the well-pleaded complaint rule - a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

Federal question jurisdiction is generally invoked by the plaintiff pleading a cause of action created by federal law. Another well-established but less frequently encountered form of

5

federal arising-under jurisdiction, is that in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng"g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363 (2005). Thus, a federal question exists only in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983); *Singh v. Duane Morris LLP,* 538 F.3d 334, 337-38 (5th Cir. 2008). As the Fifth Circuit observed in *Singh,* however, the Supreme Court in *Grable* warned that *Franchise Tax Board's* "necessary-resolution" language is no automatic test, and should be read as part of a carefully nuanced standard rather than a broad, simplistic rule.

> The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction: Franchise Tax Board ... did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Likewise, the presence of a disputed federal issue is never necessarily dispositive. Instead, far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction. (internal quotations and citations omitted).

*Singh*, 538 F.3d at 338.

In *Grable* the Supreme Court summed up the standard for

6

determining whether an embedded federal issue in a state law claim raises a substantial question of federal law: "The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Singh*, 538 F.3d at 338, citing, *Grable*, 545 U.S. at 314, 125 S.Ct. 2363.

The lack of a private cause of action under federal law is relevant to, but not dispositive of, the question of whether the right is substantial enough to satisfy the exercise of federal jurisdiction. The federal issue must be a substantial one that indicates a serious federal interest in claiming the advantages inherent in a federal forum. However, the presence of a disputed federal issue and the importance of a federal forum are never dispositive. The court must always assess whether the exercise of federal jurisdiction would be consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. *Grable*, 545 U.S. at 313, 125 S.Ct. at 2367, 2370.

One year after the *Grable* decision, the Supreme Court again addressed "arising under" jurisdiction in *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S.Ct. 2121 (2006), which involved a health insurer for federal employees. The health insurance carrier sued its former enrollee's estate in federal

7

court under state contract law for reimbursement of the insurance benefits it had paid for the enrollee's medical care. The insurer and the government argued that the complaint raised a federal claim because it sought to vindicate a contractual right contemplated by a federal statute, the Federal Employees Health Benefits Act, and under *Grable* federal law was a necessary element of the insurer's state law claim.

The Court rejected both arguments and found that federal question jurisdiction was lacking, emphasizing that *Grable* exemplifies a "slim category" of cases. In its analysis, the Court made several observations about the circumstances in *Grable* which resulted in finding that the federal issue implicated by the state law claim was sufficient to find jurisdiction based on federal question:

> The dispute there [*Grable*] centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as substantial, and its resolution was both dispositive of the case and would be controlling in numerous other cases. Here, the reimbursement claim was triggered, not by the action of any federal department, agency, or service, but by the settlement of a personal-injury action launched in state court, and the bottom-line practical issue is the share of that settlement properly payable to Empire.
>
> Grable presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases. In contrast, Empire's reimbursement claim, McVeigh's counsel represented without contradiction, is fact-bound and situation-specific. (internal quotations and citations omitted).

*McVeigh*, 547 U.S. at 700-701, 126 S.Ct. at 2137.

8

Finally, in *Gunn v. Minton* the Supreme Court reaffirmed the standards and principles in *Grable* that the courts must use to identify the "special and small category" of cases in which arising under jurisdiction lies when a claim has its origins in state rather than federal law. *Gunn v. Minton*, ___ S.Ct. ___, 133 S.Ct. 1059, 1064-65 (2013).

**Costs and Attorney's Fees Under 28 U.S.C. § 1447(c)**

Plaintiff also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a

9

court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

**Analysis**

Assuming, without deciding, that the removal is timely pursuant to § 1446(b)(3), the defendant failed to demonstrate that the plaintiffs' claims present an embedded, actually disputed and substantial federal question. Defendant argued that the critical issue in dispute, relevant to this motion, is whether the defendants were "obligated" to apply a discount to the AWP for multiple-source drugs.[9] Defendant argued that resolving this

---

[9] Record document number 7, Unisys's Opposition to Plaintiff's Expedited Motion to Remand, p. 12 (" ... the State has shifted to a theory that, regardless of what LDHH instructed or what Louisiana's reimbursement methodology actually says, federal Medicaid regulations forbid the use of AWP without a discount for *all* prescription drugs; that Defendants were obligated to know and follow this federal mandate, but did not do so; and thus Defendants breached their contracts with LDHH, defrauded LDHH, and acted
(continued...)

dispute will first require determining the duties the defendants' owed to the State. Defendant asserted that application of a discount to the AWP for multiple-source drugs was not requested by LDHH or stated in Louisiana's reimbursement methodology (presumably found in the State Plan). Defendant asserted that the plaintiff is now alleging that the defendants were contractual obligated to account for current federal policies in their reimbursement formulas.

Whether the defendants were or were not obligated to account for current federal policies in their reimbursement formulas is essentially a factual inquiry which should be resolved by a careful examination of the contracts between the parties. This inquiry is not likely to require an interpretation of federal law.

Assuming the defendants were required to incorporate into their reimbursement formulas federal requirements which were not specifically included in the State Plan, the inquiry then moves to whether the defendants satisfied those obligations. With respect to this issue, the defendant disputes that federal law required the application of a discounted AWP to Medicaid pharmacy claims involving multiple-source drugs.

Although the defendant's argument has some merit,

---

[9](...continued)
negligently. This disputed issue of federal law is at the heart of each of the State's claims." (Italics in original, footnote omitted)).

11

consideration of federal regulations which may be applicable to this disputed issue is simply too attenuated from the overall analysis of the plaintiff's claims to be a basis for federal question jurisdiction. Defendant did not cite any controlling precedent that expands *Grable*'s reach to the circumstances in this case. Defendant's assertion that the determination of the disputed federal issue will likely result in a flood of litigation against MMIS operators across the country is not persuasive. Thus, the alleged disputed federal issue raised by the defendant is not sufficiently substantial to place the plaintiff's state law claims into the "special and small category" of cases coming within *Grable's* "arising under" jurisdiction.

With respect to an award of costs and attorney's fees, the record supports finding that an award is not warranted under § 1447(c). The facts and arguments in favor of the defendant's second removal move the case closer to - but not into - the special category of cases that come within "arising under" federal question jurisdiction. In these circumstances of this removal, the defendant's removal was objectively reasonable.

## Conclusion

Defendant has the burden of establishing subject matter jurisdiction. Any potential federal issues embedded in the plaintiff's state law claims are not sufficiently substantial, at

this time, to invoke federal question jurisdiction under 28 U.S.C. § 1331.

## RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff State of Louisiana's Expedited Motion to Remand and for Costs and Fees be granted, in part. The motion should be granted insofar as the plaintiff sought remand of the case to the state court. The motion should be denied insofar as the plaintiff sought an award of costs under 28 U.S.C. § 1447(c).

Baton Rouge, Louisiana, August 25, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE